ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 JAN 24  AM 11: 37

DEPUTY CLERK _____

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| KEMONE RODGERS,<br>Plaintiff<br><br>Vs.<br><br>THE BRIDGE HOMELESS RECOVERY CENTER et al.,<br>Defendants | FEDERAL COMPLAINT<br>FOR<br>NO. 319-CV0181-M<br><br>TITLE 18 USC § 1012<br>AND<br>TITLE 42 USC § 2000d<br>VIOLATIONS<br><br>PUNITIVE DAMAGES<br>EQUITABLE, AND<br>INJUNCTIVE RELIEF SOUGHT<br><br>JURY TRIAL REQUEST |

## U.S. COMPLAINT AND JURY DEMAND

1. **KEMONE RODGERS**, the plaintiff, a natural born citizen of the United States of America, files this civil complaint on behalf of himself, against the defendants who are recipients of federal funds from the City of Dallas, Dallas County, and the State of Texas, for violating U.S. laws involving denial of benefits. The plaintiff assert's claims of negligence, failure to properly train employees, deprivation of federally funded program benefits, discrimination based on race and

possibly gender, and fraud, because the defendants intended on defeating the purpose of Department of Housing and Urban Development (HUD). The plaintiff asserts the defendants violated **TITLE 18 USC § 1012, TITLE 42 USC § 11383(f), TITLE 42 USC § 11385(b), and TITLE 42 USC § 2000d.** Pursuant to **TITLE 42 USC § 11383(d)(1)(a),** the plaintiff moves this court to order the defendants to refund the federal grant money it was awarded in 2018, for failing to comply with the rules and regulations governing those federal grants. The plaintiff seeks to recover; monetary compensation for the unnecessary loss of valuable time, and loss of ability to enjoy accessing federally funded benefits, in the amount of $37,500.00 as equitable, compensatory damages; monetary compensation for intentionally entering incorrect information on the plaintiff's housing assessment forms governed by HUD, not housing the plaintiff after more than 10 years have past, discriminating on the plaintiff based on race and possibly gender, violating rules and regulations governing the federal grants, in the amount of $37,500.00 as punitive damages; and for new provisions to be implemented in the organization's policies to deter these types of violations from reoccurring unsanctioned, and to be granted access to the facility that is federally funded as injunctive relief.

## PARTIES INVOLVED

2. Plaintiff, **KEMONE RODGERS**, and can be contacted at P. O. Box # 132762 Dallas, TX 75313, his phone number is 682.214.0881, and his email address is kemone34@gmail.com.

3. Defendant, **CARE MANAGER, MICHELLE SMITH**, can be contacted at THE BRIDGE HOMELESS RECOVERY CENTER, located at 1818 Corsicana Street, Dallas, TX 75201, and her work phone number is 214.670.1121.

4. Defendant, **SUPERVISOR K. JENKINS**, whose first name is unknown to the plaintiff, but can be contacted at THE BRIDGE HOMELESS RECOVERY

CENTER, located at 1818 Corsicana Street, Dallas, TX 75201, and her work phone number is 214.670.1121.

5. Defendant, **OTHERS** whose identity is unclear to the plaintiff, that use to work and still work at THE BRIDGE HOMELESS RECOVERY CENTER, located at 1818 Corsicana Street, Dallas, TX 75201, whose phone number is 214.670.1100.

6. Defendant, **DAVID WOODY III, REGISTERED AGENT** of **THE BRIDGE HOMELESS RECOVERY CENTER**, located at 1818 Corsicana Street, Dallas, TX 75201, whose phone number is 214.670.1100.

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to **ARTICLE III. SECTION 2. OF THE U. S. CONSTITUTION,** because this case has been arisen under violations of U.S. laws.

8. This Court has jurisdiction over this matter pursuant to **Title 28 USC § 1331**, because the defendants have violated U.S. laws.

9. Venue is proper in this U.S. Judicial District Court pursuant to **Title 28 USC § 1391(b)(1).**

## JURY TRIAL DEMAND

10. Pursuant to **FED R. CIV. P. Rule 38(b)**, and **Rule 37**, the plaintiff request to examine prospective jurors selected for a jury trial.

## BACKGROUND

11. Dallas County (the "County") and the City have entered into an inter-local agreement whereby the County passes funding through the City to the Organization

for operating and managing the Bridge. For the years ended September 30, 2017 and 2016, the Organization received $1,000,000 for each year, in funding from the County.

12. The Texas Department of Housing and Community Affairs ("TDHCA") appropriated funds to the City to fund the Homeless Housing and Services Program ("HHSP"). The TDHCA passes funding through the City to the Organization to provide emergency shelter and other services to homeless persons. For the years ended September 30, 2017 and 2016, the Organization received $724,546 and $876,963, respectively, in funding from the TDHCA. These amounts were recorded as unrestricted earned income from government agencies in the accompanying statements of activities as services were provided. This funding represents six percent and eight percent of total support and revenue for the years ended September 30, 2017 and 2016. The Organization has accounts receivable for the HHSP program of $368,609 and $86,583 as of September 30, 2017 and 2016, respectively.

13. On December 13, 2017, the Dallas City Council authorized an amended and restated Management Services Contract, Phase II, which reduced the first renewal term from five years to three years, ending September 30, 2018 and provided for $5,611,130 in funding which includes $1,000,000 from the County and $811,130 from TDHCA. On January 23, 2018, the Organization was awarded $200,300 in ESG funds by TDHCA for the period of November 1, 2017 through October 31, 2018. As of the date the financial statements were issued, the $2,405,274 contract receivable owed to the Organization by the City as part of the Contract has been fully collected.

14. The City participates in several state grant programs, which are governed by various rules and regulations of the grantor agencies. Costs charged to the respective grant programs are subject to audit and adjustment by the grantor agencies. Therefore, to the extent that the Organization has not complied with the

1  rules and regulations governing the grants, refunds of any money received may be
2  required, and the collectability of any related receivable as of September 30, 2017
3  may be impaired. In the opinion of management, there are no significant contingent
4  liabilities relating to compliance with rules and regulations governing the grants.
5      15. The plaintiff, was a homeless individual seeking social services and
6  assistance with being provided federally funded housing rental assistance, on the
7  three different occasions and was not provided the services that the defendants
8  claim to provide, then was provided services which harmed his ability to receive
9  housing rental assistance that he was eligible for, before being barred from the
10 property for unjust reasons.
11     16. The defendants all work towards the same agenda of depriving the plaintiff
12 of homeless, housing rental assistance, of federally funded programs. The plaintiff
13 first requested THE BRIDGE HOMELESS RECOVERY CENTER's assistance
14 with being placed in low-income housing beginning 10/2008 through 05/2009, and
15 THE BRIDGE HOMELESS RECOVERY CENTER's staff did not provide the
16 homeless plaintiff with housing rental assistance, which deprived the plaintiff of
17 federally funded program, benefits. The plaintiff requested THE BRIDGE
18 HOMELESS RECOVERY CENTER's assistance with being placed in low-income
19 housing a second time, beginning 10/2014 through 02/2015, and THE BRIDGE
20 HOMELESS RECOVERY CENTER's staff did not provide the homeless plaintiff
21 with housing rental assistance, which deprived the plaintiff of federally funded
22 program, benefits. The plaintiff requested THE BRIDGE HOMELESS
23 RECOVERY CENTER's assistance with being placed in low-income housing a
24 third time, beginning around 04/2017 through 10/2018, and THE BRIDGE
25 HOMELESS RECOVERY CENTER's staff did not provide the homeless plaintiff
26 with housing rental assistance, which deprived the plaintiff of federally funded
27 program, benefits. During the month of 11/2017, CARE MANAGER, MICHELLE
28 SMITH, told the plaintiff she did not like black people, and intentionally filled out

the plaintiff's housing paperwork incorrectly depriving the plaintiff of federally funded housing benefits. On 11/25/2018, the plaintiff's birthday, the plaintiff was barred from THE BRIDGE HOMELESS RECOVERY CENTER, and denied access to the federally funded day shelter facility, without just cause, which deprived the plaintiff of a partially, federally funded program benefits. This is a strong indication that the defendant's share the same agenda of depriving the plaintiff of housing rental assistance, benefits.

## FACTS

17. The plaintiff has been denied federally funded, homeless housing assistance, by the defendants from 2008 to the present.

18. A Caseworker, defendant told the plaintiff she did not like black people, then submitted adverse information on the plaintiff housing documents, and omitted pertinent information.

19. A Supervisor, defendant intentional filled out the plaintiff's housing application and assessment forms governed by HUD a federal funded program, in harmful manner.

20. Multiple caseworker defendants have denied the plaintiff, federal funded emergency shelter, overnight shelter, and transitional housing, access to that location from May of 2017, through the present.

21. The defendants have provided the plaintiff ineffective supportive services involving federal funded programs.

22. The defendants have barred the plaintiff from federal funded programs on their property for an unjust cause.

23. The defendants are in violation of the terms of accepting federal funds.

## COUNT 1
### TITLE 42 USC § 11385(b) VIOLATION FOR

## OTHERS

24. The evidence is proof, **OTHERS,** meaning unidentified care managers of THE BRIDGE HOMELESS RECOVERY CENTER violated **TITLE 42 USC § 11385(b),** from 11/2008 through 11/2018, when they provided ineffective supportive services to the plaintiff, by depriving the plaintiff of federally funded housing assistance benefits which were available to him, and by denying the plaintiff, federal funded emergency shelter, overnight shelter, and transitional housing from 02/2015 through 04/2017, and from 05/2017 through 11/2018.

25. I KEMONE RODGERS hereby sue OTHERS in their official capacity for violating **TITLE 42 USC § 11385(b)** from 11/2008 through 11/2018. See **EXHIBIT A,** "UNSWAORN DECLARATION IN SUPPORT OF U.S. COMPLAINT AND JURY DEMAND", as evidence ineffective assistance, and unknown identity of parties. **EXHIBIT A,** is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1007.**

26. The plaintiff seeks to recover; monetary compensation for the unnecessary loss of valuable time requesting assistance from the defendants, and loss of ability to enjoy accessing federally funded benefits, in the amount of $37,500.00 as equitable, compensatory damages; monetary compensation for not housing the plaintiff after more than 10 years have past, violating rules and regulations governing the federal grants, in the amount of $37,500.00 as punitive damages; and for new provisions to be implemented in the organization's policies to deter these types of violations from reoccurring unsanctioned, and to be granted access to the facility that is federally funded as injunctive relief.

## COUNT 2
## TITLE 42 USC § 2000d VIOLATION FOR
## OTHERS

1  27. The evidence is proof, **OTHERS,** meaning unidentified security guards of THE BRIDGE HOMELESS RECOVERY CENTER violated **TITLE 42 USC § 2000d** on 11/25/2018, when they barred the plaintiff from THE BRIDGE HOMELESS RECOVERY CENTER, without just cause, because access to the facility is required to access federal funded benefits such as food, health care, day shelter services, employment services, supportive services, and continuum of care services. The security guards discriminated against the plaintiff to prevent the plaintiff from accessing federally funded programs based on unjust and unclear reasons, but the discrimination is evident, based on the security guard's actions against the plaintiff, and the defendant's actions deprived the plaintiff of federal benefits.

28. I KEMONE RODGERS hereby sue OTHERS in their official capacity for violating **TITLE 42 USC § 2000d** on 11/25/2018. See **EXHIBIT A,** "UNSWAORN DECLARATION IN SUPPORT OF U.S. COMPLAINT AND JURY DEMAND", as evidence of the defendants discriminating against the plaintiff. **EXHIBIT A,** is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1007.** See **EXHIBIT \_\_\_,** a Dallas Police Department Report #_____ as evidence of discrimination. **EXHIBIT \_\_\_,** is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1005.**

29. The plaintiff seeks to recover; monetary compensation for the loss of ability to enjoy accessing federally funded benefits, in the amount of $37,500.00 as equitable, compensatory damages; monetary compensation for discriminating against the plaintiff without just cause, violating rules and regulations governing the federal grants, in the amount of $37,500.00 as punitive damages; and for new provisions to be implemented in the organization's policies to deter these types of violations from reoccurring unsanctioned, and to be granted access to the facility that is federally funded as injunctive relief.

## COUNT 1
## TITLE 42 USC § 2000d VIOLATION FOR
## CARE MANGER MICHELLE SMITH

30. The evidence is proof, **CARE MANGER MICHELLE SMITH,** of THE BRIDGE HOMELESS RECOVERY CENTER violated **TITLE 42 USC § 2000d** during 11/2017, when she told the plaintiff she "That's why I don't like black people", then filled out the plaintiff's housing assessment forms with adverse information which deprived the plaintiff of additional, federally funded housing benefits, and later refused to assist plaintiff with his homeless housing needs for unjust reasons. **MICHELLE SMITH,** works with other care managers whom all happen to be female, and who all told the plaintiff HUD does not count the time a person was homeless before a person was housed and later lost housing, which is not true, therefore all of **CARE MANGER MICHELLE SMITH's** female co-workers supported the decision to omit the actual amount of time the plaintiff had been homeless in the last three years, possibly indicating discrimination based on gender, because the all refused to provide the plaintiff with effective supportive services and assistance with securing federal funded emergency shelter, overnight shelter, and transitional housing from 05/2017 through 11/2018, at that office location.

31. I KEMONE RODGERS hereby sue **CARE MANGER MICHELLE SMITH** in her official capacity for violating **TITLE 42 USC § 2000d,** during the month of 11/2017. See **EXHIBIT A,** "UNSWAORN DECLARATION IN SUPPORT OF U.S. COMPLAINT AND JURY DEMAND", as evidence of the defendant discriminating against the plaintiff. **EXHIBIT A,** is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1007.** See **EXHIBIT \_\_\_\_,** emails as evidence of discrimination (plaintiff plans on admitting emails with Court's permission). **EXHIBIT \_\_\_\_,** is to be admitted as evidence

1 pursuant to **FEDERAL RULES OF EVIDENCE RULE 1003.** The plaintiff
2 requests the Court's permission to admit the emails as evidence to the Court
3 because the emails have a Confidentiality Notice on them which state
4 *"Confidentiality Notice: The information in this transmission contains confidential*
5 *information, belonging to the sender that is legally privileged. This information is*
6 *intended for the use of the individual or entity name above. The authorized recipient*
7 *of this information is prohibited from disclosing this information to any other party*
8 *and is required to destroy the information after its stated need has been fulfilled. If*
9 *you are not the intended recipient, you are hereby notified that any disclosure,*
10 *copying, distribution, or action taken in reliance on the contents of these documents*
11 *is strictly prohibited. If you received this transmission in error, please notify the*
12 *sender immediately by telephone and delete the email transmission."*
13     32. The plaintiff seeks to recover; monetary compensation for the unnecessary
14 loss of valuable time requesting assistance from the defendants, and loss of ability
15 to enjoy accessing federally funded benefits, in the amount of $37,500.00 as
16 equitable, compensatory damages; monetary compensation for intentionally
17 entering incorrect information on the plaintiff's housing assessment forms
18 governed by HUD, not housing the plaintiff within a reasonable amount of time,
19 discriminating on the plaintiff based on race and possibly gender, violating rules
20 and regulations governing the federal grants, in the amount of $37,500.00 as
21 punitive damages; and for new provisions to be implemented in the organization's
22 policies to deter these types of violations from reoccurring unsanctioned, and to be
23 granted access to the facility that is federally funded as injunctive relief.
24
25 <center>**COUNT 2**</center>
26 <center>**TITLE 18 USC § 1012 VIOLATION FOR**</center>
27 <center>**CARE MANGER MICHELLE SMITH**</center>
28     33. The evidence is proof, **CARE MANGER MICHELLE SMITH,** of THE

1  BRIDGE HOMELESS RECOVERY CENTER violated **TITLE 18 USC § 1012**
2  during 11/2017, when she told the plaintiff she "My Supervisor says I can only give
3  you six months credit of homeless time in the last three years", and the plaintiff had
4  provided her with evidence of being homeless for more than twenty eight months
5  in the last three years. Later the defendant gave the plaintiff credit for more than
6  six months but still entered an incorrect number, intentionally on the plaintiff's
7  federally funded housing assistance forms, which resulted in the plaintiff being
8  deprived of additional housing benefits. Additional adverse and incorrect
9  information was entered on the plaintiff housing forms. See a copy of care manger
10 records, as evidence. **MICHELLE SMITH,** works with other care managers
11 whom all happen to be female, and who all told the plaintiff HUD does not count
12 the time a person was homeless before a person was housed and later lost housing,
13 which is not true, therefore all of **CARE MANGER MICHELLE SMITH's**
14 female co-workers supported the decision to omit the actual amount of time the
15 plaintiff had been homeless in the last three years when his housing assessment
16 form were filled out by **CARE MANGER MICHELLE SMITH,** who claimed
17 SUPERVISOR K. JENKINS told her not to count all of the days the plaintiff was
18 homeless. This indicates that it is common practices for the staff to submit incorrect
19 information which deprives housing applicants of federally funded housing
20 benefits. Pursuant to **TITLE 42 USC § 11383(f)** the plaintiff was eligible for
21 project-based or sponsor-based permanent housing for homeless individuals, but
22 the plaintiff was not provided assistance with obtaining those federal benefits in
23 good faith, the plaintiff had to request the defendants assist him with filing out
24 housing applications because the defendants did not offer to assist the plaintiff with
25 filling out federally funded housing applications, and when he was assisted, the
26 defendants, intentionally filled out the papers incorrectly, and when the plaintiff
27 noticed an incorrect number written in the slot requesting the total amount of time
28 homeless in the last three years, the plaintiff requested the defendants to correct the

incorrect information and the defendants refused to correct it and told the plaintiff it's their policy to not give credit for homeless time to people who were housed in the past. The defendants intended to report false entries to HUD to defeat the purpose of HUD and deprive the plaintiff of some of his homeless housing assistance benefits by recording adverse information which is incorrect on the plaintiff's housing documents.

34. I KEMONE RODGERS hereby sue **CARE MANGER MICHELLE SMITH** in her official capacity for violating **TITLE 18 USC § 1012**, during the month of 11/2017. See **EXHIBIT A**, "UNSWAORN DECLARATION IN SUPPORT OF U.S. COMPLAINT AND JURY DEMAND", as evidence of the defendants committing fraud. **EXHIBIT A**, is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1007**. See **EXHIBIT \_\_\_\_**, copy of housing documents as evidence of fraud. **EXHIBIT \_\_\_\_**, is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1003**.

35. The plaintiff seeks to recover; monetary compensation for the unnecessary loss of valuable time requesting assistance from the defendants, and loss of ability to enjoy accessing federally funded benefits, in the amount of $37,500.00 as equitable, compensatory damages; monetary compensation for intentionally entering incorrect information on the plaintiff's housing assessment forms governed by HUD, not housing the plaintiff within a reasonable amount of time, discriminating on the plaintiff based on race and possibly gender, violating rules and regulations governing the federal grants, in the amount of $37,500.00 as punitive damages; and for new provisions to be implemented in the organization's policies to deter these types of violations from reoccurring unsanctioned, and to be granted access to the facility that is federally funded as injunctive relief.

## COUNT 3
### TITLE 42 USC § 11385(b) VIOLATION FOR

## CARE MANGER MICHELLE SMITH

36. The evidence is proof, **CARE MANGER MICHELLE SMITH,** of THE BRIDGE HOMELESS RECOVERY CENTER violated **TITLE 42 USC § 11385(b)** from 08/2017 through 01/2018, when she filled out the plaintiff's housing assessment forms with adverse information which deprived the plaintiff of additional, federally funded housing benefits, and later told the plaintiff to use his brain to house himself, and then refused to assist plaintiff with his homeless housing needs for unjust reasons. **MICHELLE SMITH,** works with other care managers whom all happen to be female, and who all told the plaintiff HUD does not count the time a person was homeless before a person was housed and later lost housing, which is not true, therefore all of **CARE MANGER MICHELLE SMITH's** female co-workers supported the decision to omit the actual amount of time the plaintiff had been homeless in the last three years, possibly indicating discrimination based on gender, because the all refused to provide the plaintiff with effective supportive services and assistance with securing federal funded emergency shelter, overnight shelter, and transitional housing from 05/2017 through 11/2018, at that office location.

37. I KEMONE RODGERS hereby sue **CARE MANGER MICHELLE SMITH** for violating **TITLE 42 USC § 11385(b).** See **EXHIBIT A,** "UNSWAORN DECLARATION IN SUPPORT OF U.S. COMPLAINT AND JURY DEMAND", as evidence of the defendant discriminating against the plaintiff. **EXHIBIT A,** is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1007.** See **EXHIBIT \_\_\_,** care manager records as evidence of ineffective supportive services, assistance. **EXHIBIT \_\_\_,** is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1003.**

38. The plaintiff seeks to recover; monetary compensation for the unnecessary loss of valuable time requesting assistance from the defendants, and loss of ability

to enjoy accessing federally funded benefits, in the amount of $37,500.00 as equitable, compensatory damages; monetary compensation for intentionally entering incorrect information on the plaintiff's housing assessment forms governed by HUD, not housing the plaintiff within a reasonable amount of time, discriminating on the plaintiff based on race and possibly gender, violating rules and regulations governing the federal grants, in the amount of $37,500.00 as punitive damages; and for new provisions to be implemented in the organization's policies to deter these types of violations from reoccurring unsanctioned, and to be granted access to the facility that is federally funded as injunctive relief.

## COUNT 1
## TITLE 18 USC § 1012 VIOLATION FOR
## SUPERVISOR K. JENKINS

39. The evidence is proof, **SUPERVISOR K. JENKINS,** of THE BRIDGE HOMELESS RECOVERY CENTER violated **TITLE 18 USC § 1012** during 11/2017, 12/2017, and 01/2018, by intentionally giving the plaintiff credit for an incorrect number of days spent homeless in the last three years, on the plaintiff's federally funded housing assistance forms after reviewing evidence of the correct amount of time the plaintiff spent homeless, which resulted in the plaintiff being deprived of additional housing benefits. Unnecessary adverse and incorrect information was entered on the plaintiff housing forms. See a copy of care manager records, as evidence. This indicates that it is common practices for the staff to submit incorrect information which deprives housing applicants of federally funded housing benefits. Pursuant to **TITLE 42 USC § 11383(f)** the plaintiff was eligible for project-based or sponsor-based permanent housing for homeless individuals, but the plaintiff was not provided assistance with obtaining those federal benefits in good faith, the plaintiff had to request the defendants assist him with filing out housing applications because the defendants did not offer to assist the plaintiff with

1 filling out federally funded housing applications, and when he was assisted, the
2 defendants, intentionally filled out the papers incorrectly, and when the plaintiff
3 noticed an incorrect number written in the slot requesting the total amount of time
4 homeless in the last three years, the plaintiff requested the defendants to correct the
5 incorrect information and the defendants refused to correct it and told the plaintiff
6 it's their policy to not give credit for homeless time to people who were housed in
7 the past. The defendant intended to report false entries to HUD to defeat the purpose
8 of HUD and deprive the plaintiff of some of his homeless housing assistance
9 benefits by recording adverse information which is incorrect on the plaintiff's
10 housing documents.

11     40. I KEMONE RODGERS hereby sue **SUPERVISOR K. JENKINS** in her
12 official capacity for violating **TITLE 18 USC § 1012,** during the month of 11/2017,
13 12/2017, and 01/2018. See **EXHIBIT A, "UNSWAORN DECLARATION IN**
14 **SUPPORT OF U.S. COMPLAINT AND JURY DEMAND"**, as evidence of the
15 defendants committing fraud. **EXHIBIT A**, is to be admitted as evidence pursuant
16 to **FEDERAL RULES OF EVIDENCE RULE 1007.** See **EXHIBIT \_\_\_\_**, copy
17 of housing documents as evidence of fraud. **EXHIBIT \_\_\_\_**, is to be admitted as
18 evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1003.**

19     41. The plaintiff seeks to recover; monetary compensation for the unnecessary
20 loss of valuable time requesting assistance from the defendants, and loss of ability
21 to enjoy accessing federally funded benefits, in the amount of $37,500.00 as
22 equitable, compensatory damages; monetary compensation for intentionally
23 entering incorrect information on the plaintiff's housing assessment forms
24 governed by HUD, not housing the plaintiff within a reasonable amount of time,
25 discriminating on the plaintiff based on race and possibly gender, violating rules
26 and regulations governing the federal grants, in the amount of $37,500.00 as
27 punitive damages; and for new provisions to be implemented in the organization's
28

1  policies to deter these types of violations from reoccurring unsanctioned, and to be
2  granted access to the facility that is federally funded as injunctive relief.
3
4  **COUNT 1**
5  **TITLE 18 USC § 1012 VIOLATION FOR**
6  **THE BRIDGE HOMELESS RECOVERY CENTER**
7    42. The evidence is proof, **THE BRIDGE HOMELESS RECOVERY**
8  **CENTER** violated **TITLE 18 USC § 1012** during 2018, by hiring employees who
9  intended on depriving the plaintiff of federally funded housing benefits and
10 programs. Pursuant to **TITLE 42 USC § 11383(f)** the plaintiff was eligible for
11 project-based or sponsor-based permanent housing for homeless individuals, but
12 the plaintiff was not provided assistance with obtaining those federal benefits in
13 good faith, the plaintiff had to request the defendants assist him with filing out
14 housing applications because the defendants did not offer to assist the plaintiff with
15 filling out federally funded housing applications, and when he was assisted, the
16 defendants, intentionally filled out the papers incorrectly, and when the plaintiff
17 noticed an incorrect number written in the slot requesting the total amount of time
18 homeless in the last three years, the plaintiff requested the defendants to correct the
19 incorrect information and the defendants refused to correct it and told the plaintiff
20 it's their policy to not give credit for homeless time to people who were housed in
21 the past. The defendants intended to report false entries to HUD to defeat the
22 purpose of HUD and deprive the plaintiff of some of his homeless housing
23 assistance benefits by recording adverse information which is incorrect on the
24 plaintiff's housing documents. **THE BRIDGE HOMELESS RECOVERY**
25 **CENTER** has not complied with the rules and regulations governing the federal
26 funding that it has received.
27    43. I KEMONE RODGERS hereby sue **THE BRIDGE HOMELESS**
28 **RECOVERY CENTER** for violating **TITLE 18 USC § 1012,** through 01/2018.

1  See **EXHIBIT A**, "UNSWAORN DECLARATION IN SUPPORT OF U.S.
2  COMPLAINT AND JURY DEMAND", as evidence of the defendants committing
3  fraud. **EXHIBIT A**, is to be admitted as evidence pursuant to **FEDERAL RULES**
4  **OF EVIDENCE RULE 1007.** See **EXHIBIT \_\_\_\_**, copy of housing documents
5  as evidence of fraud. **EXHIBIT \_\_\_\_**, is to be admitted as evidence pursuant to
6  **FEDERAL RULES OF EVIDENCE RULE 1003.**

7  44. The plaintiff seeks to recover; monetary compensation for the unnecessary
8  loss of valuable time requesting assistance from the defendants, and loss of ability
9  to enjoy accessing federally funded benefits, in the amount of $37,500.00 as
10 equitable, compensatory damages; monetary compensation for intentionally
11 entering incorrect information on the plaintiff's housing assessment forms
12 governed by HUD, not housing the plaintiff within a reasonable amount of time,
13 discriminating on the plaintiff based on race and possibly gender, violating rules
14 and regulations governing the federal grants, in the amount of $37,500.00 as
15 punitive damages; and for new provisions to be implemented in the organization's
16 policies to deter these types of violations from reoccurring unsanctioned, and to be
17 granted access to the facility that is federally funded as injunctive relief.
18

<div style="text-align:center">

**COUNT 2**
**TITLE 42 USC § 11385(b) VIOLATION FOR**
**THE BRIDGE HOMELESS RECOVERY CENTER**

</div>

22 45. The evidence is proof, THE BRIDGE HOMELESS RECOVERY CENTER
23 violated **TITLE 42 USC § 11385(b)** from 05/2017 through 01/2018, when they
24 deprived the plaintiff of additional, federally funded housing benefits, and
25 provided the plaintiff with ineffective supportive services and ineffective assistance
26 with securing federal funded emergency shelter, overnight shelter, and transitional
27 housing from 11/2017 through 01/2018, at that office location. **THE BRIDGE**
28

HOMELESS RECOVERY CENTER has not complied with the rules and regulations governing the federal funding that it has received.

46. I KEMONE RODGERS hereby sue **THE BRIDGE HOMELESS RECOVERY CENTER** for violating **TITLE 42 USC § 11385(b)**. See **EXHIBIT A**, "UNSWAORN DECLARATION IN SUPPORT OF U.S. COMPLAINT AND JURY DEMAND", as evidence of ineffective supportive services assistance. **EXHIBIT A**, is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1007**. See **EXHIBIT \_\_\_\_**, care manager records as evidence of ineffective supportive services, assistance. **EXHIBIT \_\_\_\_**, is to be admitted as evidence pursuant to **FEDERAL RULES OF EVIDENCE RULE 1003.**

47. The plaintiff seeks to recover; monetary compensation for the unnecessary loss of valuable time requesting assistance from the defendants, and loss of ability to enjoy accessing federally funded benefits, in the amount of $37,500.00 as equitable, compensatory damages; monetary compensation for intentionally entering incorrect information on the plaintiff's housing assessment forms governed by HUD, not housing the plaintiff within a reasonable amount of time, discriminating on the plaintiff based on race and possibly gender, violating rules and regulations governing the federal grants, in the amount of $37,500.00 as punitive damages; and for new provisions to be implemented in the organization's policies to deter these types of violations from reoccurring unsanctioned, and to be granted access to the facility that is federally funded as injunctive relief.

### DEFENDANTS IDENTITY REQUEST

48. The plaintiff is unable to identify some of the defendants and respectfully request the Court to provide the plaintiff time to amend this complaint to include the defendant's true identities at later date.

### PRAYOR

49. WHERFORE, plaintiff prays this Court excuse any errors, imperfections, or misapplications found in this pro se complaint, and grants the plaintiff $37,500.00 as equitable, compensatory damages, $37,500.00 as punitive damages; totaling $75,000, and orders the defendants to implement new provisions in the organization's policies to deter these types of violations from reoccurring unsanctioned, and grant the plaintiff access to the facility that is federally funded as injunctive relief.

Respectfully submitted on this 24th day of January 2019.

*/s/ KEMONE RODGERS*

KEMONE RODGERS
PRO SE
682.214.0881
PO Box 132762
Dallas, TX 75313
Kemone34@gmail.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KEMONE RODGERS

**DEFENDANTS**
THE BRIDGE HOMELESS RECOVERY CENTER et al.

(b) County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se KEMONE RODGERS
P.O. Box # 132762
Dallas, TX 75313

Attorneys *(If Known)*
319-CV0181-M

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☒ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

RECEIVED JAN 24 2019 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: Title 18 US code 1012

Brief description of cause: Defendants have committed Fraud and housing deprivation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 01/24/2019
SIGNATURE OF ATTORNEY OF RECORD KR

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____